UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
at PIKEVILLE

Civil Action No. 19-74

GORDON BOLLING,                                                                  PLAINTIFF,

v.                       **MEMORANDUM OPINION AND ORDER**

ANDREW SAUL,
COMMISSIONER OF SOCIAL SECURITY,                             DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I.  FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits in 2016, alleging disability beginning in 2016, due to a variety of physical and mental impairments. This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Kendra Kleber (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Jackie P. Rogers, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1:   If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was 43 years old when he alleges he became disabled. He has a 12th grade education. His past relevant work experience consists of work as a heavy equipment operator.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity from the date of alleged onset of disability through his date last insured, December 31, 2017.

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease, lumbar; degenerative disc disease, cervical; obesity diabetes; and coronary artery disease, alpha antitrypsin deficiency with manifestations including cirrhosis and diabetic neuropathy, which he found to be "severe" within the meaning of the Regulations.

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments.

The ALJ further found that Plaintiff could not perform his past relevant work but determined that he has the residual functional capacity ("RFC") to perform Plaintiff had the residual functional capacity to perform both light and sedentary exertion work, such as inspector, machine off bearer and bakery worker, all of which existed in significant numbers in the national economy.

Accordingly, the ALJ found Plaintiff not to be disabled at Step 5 of the sequential evaluation process.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner . Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial

evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

Plaintiff contends that the ALJ's finding of no disability is erroneous because she did not find that his mental impairments were "severe." Where, as here, the ALJ determines that a claimant had a severe impairment at step two of the analysis, "the question of whether the ALJ characterized any other alleged impairment as severe or not severe is of little consequence." *Pompa v. Comm'r of Soc. Sec.*, 73 Fed.Appx. 801, 803, (6th Cir. 2003).

Instead, the pertinent inquiry is whether the ALJ considered the "limiting effects of all [claimant's] impairment(s), even those that are not severe, in determining [the claimant's] residual functional capacity." 20 C.F.R. § 404.1545(e); *Pompa*, 73 Fed.Appx. at 803 (rejecting the claimant's argument that the ALJ erred by finding that a number of her impairments were not severe where the ALJ determined that claimant had at least one severe impairment and considered all of the claimant's impairments in her RFC assessment). *See also, Maziarz v. Sec'y of Health & Hum. Servs.*, 837 F.2d 240, 244 (6th Cir. 1987). The Court finds that the ALJ properly considered Plaintiff's mental impairments in assessing the record and crafting the RFC.

The ALJ discussed the relevant record and relied upon the March 2016 opinion of consultative psychologist, Brittany Shaw, M.S., who noted that Plaintiff reported that he stopped working in 2012 due to being subject to a layoff of employees. Ms. Shaw further noted that Plaintiff was currently receiving psychiatric care from Dr. Ehtesham due to stress related to "fighting with social security" and exacerbation from other health issues. She concluded that based on a brief cognitive status exam, that Plaintiff's current cognitive functioning was

4

estimated in the average range. She further reported that Plaintiff's quality of thought was logical and coherent, and his affect and mood was good. Ms. Shaw also noted that Plaintiff's judgment and decision-making were good and his insight was adequate. She found that Plaintiff's ability to tolerate stress and pressure of day-to-day employment and his capacity to respond appropriately to supervision, co-workers, and work pressures in a work setting were not affected by his alleged mental impairment (Tr. 1645).

In addition, the ALJ noted that state agency psychologists Ed Ross, Ph.D., and Ilze Sillers, Ph.D. Both found that Plaintiff had no severe impediment to the discrete mental aspects of work that was medically demonstrated independent of physical-based concerns and associated dysphoria (unhappiness) (Tr. 380-381).

Notably, although the ALJ concluded the record did not support a finding of severe psychological impairment, she limited Plaintiff to only unskilled jobs.

It is clear that the ALJ discussed relevant medical evidence, including the findings or opinions from Plaintiff's treating, examining, and state agency physicians or providers, in reasonably determining that Plaintiff retained the residual functional capacity to perform activities associated with unskilled, light exertion work.

The Court finds no error in this regard. To the extent that Plaintiff suggests that this evidence is open to another interpretation that favors her claim, this Court declines to reweigh the evidence in this fashion. If the Commissioner's decision denying benefits is supported by substantial evidence, as it is here, the Court must affirm that decision. *Longworth v. Commissioner of Social Security*, 402 F.3d 591, 595 (6th Cir. 2005).

### III.  CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record.

Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 4th day of November 2020.

Signed By:
*Henry R Wilhoit Jr.*
United States District Judge